UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

NELCE DANIEL HAMMONDS )
)
v. ) NO. 2:05-CV-183
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff Nelce Daniel Hammonds has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Hammonds was born in 1972 and was 32 years old at the time of his administrative hearing. [Tr. 18]. He completed eighth grade and has relevant past work experience as a heating and air conditioning installer and gas station attendant. [Tr. 18, 264]. Mr. Hammonds alleges he is disabled as of March 17, 2003, from anxiety, depression, anger, nervousness, high blood pressure, scoliosis, stomach problems, and headaches. [Tr. 18]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr.

Hammonds was not disabled as defined by the Social Security Act. [Tr. 20].

Mr. Hammonds' testimony was received into evidence at his administrative hearing held on December 28, 2004. [Tr. 263-76]. He testified he last worked in March 2003 at a heating and air conditioning company. [Tr. 264]. He quit that job because of "nerves and stuff" and depression. [*Id.*]. When he is depressed he has crying spells, hears voices, vomits, and has headaches. [Tr. 265-67]. Mr. Hammonds is able to drive a vehicle. [Tr. 276].

The ALJ ruled that Mr. Hammonds was not disabled because his severe back pain impairment was not severe enough for a finding of disability. [Tr. 20]. The ALJ then found Mr. Hammonds retained the residual functional capacity [RFC] to perform light work. [Tr. 21]. With that limitation, Mr. Hammonds could perform his past relevant work (classified by the ALJ as unskilled) as a gas station attendant. [Tr. 18, 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to

support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

    Mr. Hammonds requests summary judgment and challenges the ALJ's evaluation of his mental impairments and their affect on his ability to work. According to the ALJ, Mr. Hammonds' "mental impairment is not severe, as defined in the Regulations." [Tr. 20]. The ALJ supported this finding by noting that Mr. Hammonds has never sought or received treatment from a mental health facility or been hospitalized for a severe mental disorder. [*Id.*]. The ALJ also mentioned that a senior psychological examiner did not find any significant abnormalities when she examined Mr. Hammonds in July 2003. [Tr. 21, 156-160]. The ALJ also noted that he found Mr. Hammonds' allegations about the extent of his mental impairments to be "not of the nature, frequency, severity, or duration as alleged." [Tr. 21]. The ALJ mentioned Mr. Hammonds' contradictory testimony at his administrative hearing regarding a fear of being around people and crowds but also a fear of being alone. [*Id.*]. Based on Mr. Hammonds' lack of credibility with the ALJ and his lack of mental health treatment, the ALJ's finding that his mental impairment was not severe was made with substantial evidence.

Mr. Hammonds next argues the ALJ erred in finding he retained the RFC to perform light work. Light work involves lifting/carrying up to 20 pounds occasionally and 10 pounds frequently. 20 C.F.R. § 404.1567(b). The ALJ indicated he determined Mr. Hammonds' RFC after giving great weight to the assessments of a senior psychological examiner and a consultative medical examiner. [Tr. 21]. The senior psychological examiner indicated Mr. Hammonds could understand, remember, and carry out simple and detailed instructions, make simple work-related decisions, and sustain concentration and persistence. [Tr. 160]. A mental examination of Mr. Hammonds in August 2003 yielded similar results. [Tr. 164]. A physical examination of Mr. Hammonds in September 2003 indicated he could lift at least 15 pounds occasionally and sit/stand/walk for six to eight hours in an eight-hour workday.[1] [Tr. 181]. Based upon the above medical and psychological evidence, the ALJ's RFC finding was made with substantial evidence.

Finally, Mr Hammonds claims the ALJ erred in finding he could return to his past relevant work as a gas station attendant. The crux of Mr. Hammonds' argument is that the ALJ did not have enough information about his past work as a gas station attendant to adequately analyze whether he could return to it. This argument is faulty.

---

[1] While this weight limitation is five pounds less than the 20 pounds required by 20 C.F.R. § 404.1567(b), this court will note that Mr. Hammonds indicated previously that he did not perform any lifting/carrying in his past relevant work as a gas station attendant. [Tr. 73].

4

On May 27, 2003, Mr. Hammonds completed a Work History form in connection with his application for benefits. [Tr. 71-78]. On this form he indicated he worked from 1989 through 1990 as a gas station attendant. [Tr. 71]. His main duties were checking oil and pumping gas. [Tr. 73]. He did not use machines, tools, or equipment, did not use technical knowledge or skills, and did not write reports or complete forms as part of his duties. [*Id.*]. He also indicated he did not frequently lift any weight while working. [*Id.*]. The ALJ's determination that Mr. Hammonds could return to his past relevant work as a gas station attendant was made with substantial evidence considering Mr. Hammonds' own description of the work as he performed it and the ALJ's RFC finding.

After careful consideration of the entire record of proceedings related to this case, Mr. Hammonds' motion for summary judgment will be denied; the defendant's motion for summary judgment will be granted; and this action will be dismissed.

An appropriate order will follow.

    ENTER:

        s/Thomas Gray Hull
        THOMAS GRAY HULL
          SENIOR U. S. DISTRICT JUDGE

5

Case 2:05-cv-00183   Document 15   Filed 02/02/06   Page 5 of 5   PageID #: 5